UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

O

| | | |
|---|---|---|
| ENOUGH FOR EVERYONE, INC. | ) ) | CASE NO. SA CV 11-1161 DOC (MLGx) |
| Plaintiff(s), | ) ) | |
| v. | ) ) | **O R D E R** GRANTING IN PART AND DENYING IN PART |
| PROVO CRAFT & NOVELTY, INC. | ) ) | PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE |
| Defendant(s). | ) | DEFENSES [14] |

Before the Court is a Motion to Strike Defendant's Affirmative Defenses. (Doc. No. 14.) After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion. The Court GRANTS Plaintiff's request for judicial notice.

**I.  BACKGROUND**

Plaintiff and Defendant are parties to a "Consulting Services and Royalty Agreement." Under the agreement, Defendant has been making payments to Plaintiff in connection with products sold by Defendant. Plaintiff's complaint alleges that in July 2011 Defendant stopped making the payments due under the agreement. Plaintiff also

alleges it has not been paid the full amount due over the course of the agreement. In conjunction with these allegations, Plaintiff seeks an accounting. Plaintiff asserts claims for: 1) breach of contract, 2) breach of the covenant of good faith and fair dealing, and 3) an accounting. Defendant filed its answer and asserted fourteen affirmative defenses. By its motion, Plaintiff seeks to strike all of Defendants' affirmative defenses.

## II.     LEGAL STANDARD

Under Rule 12(f), a party may move to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Where a party moves to strike a prayer for damages on the basis that the damages sought are precluded as a matter of law, the request is more appropriately examined as a motion to dismiss. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010) ("We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.").

### III. DISCUSSION

#### A. Pleadings Standard for Affirmative Defenses

Plaintiff moves to strike a number of the affirmative defenses based on Defendant's failure to allege sufficient factual allegations to support those defenses. The Court turns to these affirmative defenses first.

Plaintiff argues that Defendant's fifth, sixth, and eighth through thirteenth affirmative defenses must be stricken because they do not meet the "heightened *Twombly* 'fair notice' standard to affirmative defenses." (Mot. at 4, 11.) Plaintiff contends that the "vast majority of courts have extended this heightened *Twombly* 'fair notice' standard to affirmative defenses." (*Id.* at 4.)

Defendant opposes on the ground that the question of whether to apply the heightened pleading standard to affirmative defenses "is being hotly-litigated all around the country." (Opp'n at 2.) Defendant maintains that Rules 8(b)(1)(A) and 8 (c) suggest that the "short and plain statement" requirement of rule 8(a)(2) does not apply to affirmative defenses. (*Id.* at 4.)

Recently the Supreme Court clarified what it means to provide a sufficient short and plain statement under Federal Rule of Civil Procedure 8(a)(2). Specifically, the Court held that a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). Neither *Twombly* nor *Iqbal* discussed whether their respective holdings apply to affirmative defenses.

While no circuit court of appeals appears to have addressed whether the *Twombly/Iqbal* pleading standards apply to affirmative defenses, and district courts are coming down on either side of the equation, the Court thinks the question is best resolved by reference to the text of the Federal Rules. Federal Rule of Civil Procedure 8 governs general pleading standards. Rule 8(a) pertains to *claims* for relief. Rule 8(b) pertains to *defenses, admissions, and denials*. Rule 8(c) pertains to *affirmative defenses*. Because the motion to strike is directed at Defendant's defenses, the Court considers what is required under Rule 8.

Rule 8(b)(1) mandates that "[i]n responding to a pleading, a party must: (A) *state in short and plain terms its defenses* to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(a)-(b) (emphasis added). Under Rule 8(c), "[i]n responding to a pleading, a party must affirmatively *state* any avoidance or affirmative defense, including [various examples provided]." Fed. R. Civ. P. 8(c) (emphasis added).

Rule 8(a)(2), on the other hand, requires a claim for relief to contain "a short and plain statement of the claim *showing that the pleader is entitled to relief* . . . ." Fed. R. Civ. P. 8(a)(2) (emphasis added).

When read together, the sub-parts of the rule appear to demand more from a party stating a claim for relief, i.e., the party stating a claim must *show* he or she is entitled to

relief.  In contrast, a party stating a defense need not *show* he or she is entitled to relief, but need only *state* any defense, and state each defense "in short and plain terms."  Given this distinction, the Court concludes that the *Twombly/Iqbal* heightened pleading standard does not apply to pleading affirmative defenses.  Instead, an affirmative defense need only give a plaintiff "fair notice of the defense."  *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (internal quotation marks omitted).

Defendant's affirmative defenses challenged on this ground give fair notice of the nature of each defense.  While each affirmative defense is a standard defense set forth in the plainest of terms, the Court finds this sufficient under Rules 8(b)(1) and 8(c), especially given the fact that this method of pleading affirmative defenses is set forth in the exemplar text of Rule 8(c).  *See also Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, No. SACV 11–00468–JST (Ex), 2011 WL 3438873, at *5-6  (C.D. Cal. Aug. 5, 2011) (defendant notified plaintiff of its affirmative defenses, which, while boilerplate, sufficed at the outset of the case).  Plaintiff does not explain particular notice deficiencies in each of these common affirmative defense (*e.g.*, estoppel, laches, unclean hands), instead Plaintiff points to *Twombly/Iqbal*, which the Court finds inapplicable.  Accordingly, Plaintiff's motion to strike the fifth, sixth, and eighth through thirteenth affirmative defenses is denied.

### B.      **Insufficient Defenses & Negative Defenses**

Plaintiff also argues that Defendant's first, second, third, fourth, seventh, and fourteenth affirmative defenses are either contradicted by Defendant's answer, fail as a

5

matter of law, and/or are improper negative defenses. The Court considers each of these arguments below.

As an initial matter, the Court rejects Plaintiff's argument about "negative defenses." Rule 8(b)(1)(A) contemplates pleading all defenses; no limitation as to affirmative or negative defenses is expressed in the text of the rule. Fed. R. Civ. P. 8(b). The technicality raised by Plaintiff does not affect whether it has been put on fair notice of Defendant's defenses. The Court finds that striking the word "Affirmative" from the answer, (Answer at 5:19), would be a more straightforward resolution to this perceived problem.

Moving on to Plaintiff's other challenges, the first affirmative defense, "Jurisdiction," attacks the sufficiency of process in this case for failure to comply with a Local Rule; it does not challenge personal or subject matter jurisdiction as Plaintiff contends. *See* Answer ¶ 41 ("Process is insufficient in this matter because the Complaint fails to allege the jurisdictional basis in the first paragraph, as required by C.D. Cal. L.R. 8-1."). While Plaintiff appears to take issue with the title of this defense, the Court fails to see how the description of the defense does not put Plaintiff on fair notice of Defendant's contention that Plaintiff violated Local Rule 8-1.

Plaintiff argues that "Failure to State a Claim," and "Reservation" are insufficient because they are not proper affirmative defenses as a matter of law. The Court agrees. Failure to state a claim identifies a pleading deficiency and is not an affirmative defense. Moreover, Defendant does not have to lodge "Reservation" on the record as a "defense"

in order to seek the protections of leave to amend under either Rule 15 or 16 in the future. Accordingly, the second and fourteenth affirmative defenses are stricken without leave to amend.

Lastly, Plaintiff moves to strike the affirmative defenses of "Consideration" and "Arbitration" based on admissions allegedly contained in Defendant's answer. Whether and how the provisions of the agreement cited by Plaintiff affect Plaintiff's claims is a legal question the Court declines to consider on a motion to strike. These issues may be properly resolved later in the case.

## IV.   DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Plaintiff's motion as to the second and fourteenth affirmative defenses. The second and fourteenth affirmative defenses are stricken without leave to amend. The Court otherwise DENIES Plaintiff's Motion.

IT IS SO ORDERED.

DATED: January 20, 2012

_____
DAVID O. CARTER
United States District Judge